# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| REPUBLIC SILVER STATE DISPOSAL, INC., | 2:05-cv-0903-RCJ-GWF |
| Plaintiff, | |
| vs. | **ORDER** |
| TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS, LOCAL 631, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

This matter comes before the Court on the parties' cross-motions for summary judgment. (##12, 15.) The Court has considered the motions, the pleadings on file, and oral argument on behalf of all parties. It is hereby ordered that Defendants' Motion for Summary Judgment (#12) is *granted,* and Plaintiff's Counter-Motion for Summary Judgment (#15) is *denied*.

## BACKGROUND

Plaintiff Republic Silver State Disposal, Inc. ("Republic"), filed the underlying complaint (#1) to vacate an arbitration award. The award granted Grievance 41188, which

concerned whether Toliver Armstrong could return to his position as driver for Republic following a work-related injury on May 20, 2003.  On that date, Mr. Armstrong was unloading a truck at the transfer station when he was hit by another Republic truck. He received medical treatment for the injuries sustained and received worker's compensation benefits while unable to work.

Republic determined that Mr. Armstrong was responsible for the accident and terminated his employment when he declined to accept responsibility.  On August 11, 2003, Teamsters Local 631 filed Grievance 28961 alleging that Republic violated Article 4, Sections 6 and 8, and Article 7 of the Collective Bargaining Agreement ("CBA") by incorrectly blaming Mr. Armstrong for the accident.   The matter was arbitrated on October 3, 2003, without Republic's attendance.  The arbitrator granted the grievance and ordered Mr. Armstrong reinstated.  Republic objected to the arbitration award, and Local 631 filed suit to confirm the arbitration award pertaining to Mr. Armstrong, as well as other employees (District of Nevada, 2:03-cv-1635-RLH-PAL). The case was ultimately settled, and the parties agreed not to raise issues of arbitrability or timeliness if the matter needed to be refiled.  Specifically, counsel memorialized the agreement between the parties in a letter dated February 18, 2005, as follows:

> Local 631 agreed to withdraw the above matter with prejudice.  Should the matter need to be refiled, neither party will raise a statute of limitation or other timeliness issue.  Further, we have agreed that any outstanding individual case encompassed in the above lawsuit should go to arbitration, again with neither party raising arbitrability or any other issue of timeliness.

(Letter from Jeffrey S. Wohlner, Feb. 18, 2005, #12, Ex. 3; #15, Ex. D.)

In August 2004, Republic terminated Mr. Armstrong's worker's compensation benefits when it learned he had an interest in a separate company.  Thereafter, Mr. Armstrong obtained a release for return to work from his treating physician, Dr. Peoples.  Dr. Peoples

initially released him to work on August 18, 2004, but rescinded his release on August 25, 2004. By letter dated September 30, 2004, Republic declined to return Mr. Armstrong to work because the company did not have a full duty release from a treating physician. Dr. Peoples again refused to release Mr. Armstrong to work on February 7, 2005, and declined to reexamine him.

Local 631 filed Grievance 41188 on March 24, 2005, on behalf of Mr. Armstrong, alleging that he was "not being able to return to work after being released back to work full-duty release by his doctor," a violation of Article 2, Sections 6 and 7 of the CBA. Mr. Armstrong obtained a release from work from a new doctor, Dr. Venger, on April 4, 2005, 10 days after the subject grievance was filed. (*See* Decision and Award at 4, #12, Ex. 4; #15, Ex. F.)

The matter was arbitrated on June 8, 2005. The arbitrator granted the grievance and ordered that Mr. Armstrong be reinstated. This lawsuit to vacate the award followed.

Before the Court are the parties' cross-motions for summary judgment. Defendants argue that the arbitration award on Grievance 41188 must be upheld because it is rationally derived, or draws its essence, from the CBA between the parties. (Motion for Summary Judgment of Defendant/Counter-Claimant Local 631, #12.) Plaintiff argues that the arbitration award must be vacated because (1) the grievance was untimely filed, (2) the award conflicts with specific provisions of the CBA and the arbitrator considered evidence outside the scope of the grievance, and (3) the award violates public policy. (Republic Silver State Disposal, Inc.'s Opposition to Local 631's Motion for Summary Judgment; and Republic Silver State Disposal Inc.'s Counter-Motion for Summary Judgment, #15.)

**DISCUSSION**

**I.      Standard of Review**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment as a matter of law when the evidence on record establishes that there is no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**II.     Review of Arbitration Awards**

The scope of review for a labor arbitration award is very narrow. *SFIC Properties, Inc. v. International Association of Machinists & Aerospace Workers*, *District Lodge 94, Local Lodge 311*, 103 F.3d 923, 924 (9th Cir. 1996), citing *Federated Dep't Stores v. United Food & Commercial Workers Union, Local 1442*, 901 F.2d 1494, 1496 (9th Cir. 1990).

> Judicial scrutiny of an arbitrator's decision is extremely limited. The arbitrator's factual determinations and legal conclusions generally receive deferential review as long as they derive their essence from the [collective bargaining agreement]. If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be

enforced.  This remains so even if the basis for the arbitrator's decision is ambiguous and notwithstanding the erroneousness of any factual findings or legal conclusions.

*Stead Motors v. Automotive Machinists Lodge No. 1173*, 886 F.2d 1200, 1209 (9th Cir. 1989) (en banc), *cert. denied*, 495 U.S. 946 (1990), quoting *Sheet Metal Workers v. Arizona Mechanical & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir. 1988) (citations omitted).  A court is "bound - under all except the most limited circumstances - to defer to the decision of [the arbitrator], even if [the court believes] that the decision finds the facts and states the law erroneously." *Stead Motors,* 886 F.2d at 1204.  The Court is "'not empowered to second-guess the arbitrator's findings.'"  *United Food & Commercial Workers Int'l Union, Local 588 v. Foster Poultry Farms*, 74 F.3d 169, 173  (9th Cir. 1995), quoting *Van Waters & Rogers, Inc. v. Int'l Brotherhood of Teamsters*, 56 F.3d 1132, 1135 (9th Cir. 1995).

There are three exceptions to the general deference afforded to an arbitrator's award: "(1) when the award does not 'draw its essence from the collective bargaining agreement;' (2) when the arbitrator exceeds the scope of the issues submitted; and (3) when the award runs counter to public policy." *SFIC Properties*, 103 F.3d at 925, citing *Federated*, 901 F.2d at 1496.  "An award draws its essence from the CBA when it is based on the language of the CBA." *Id.* at 925, citing *Stead Motors*, 886 F.2d at 1205 n.6.  Even an arbitrator's misreading of the CBA will be upheld as long as the arbitrator's interpretation is derived from the language of the CBA.  *SFIC Properties,* 103 F.3d at 925.  However, an arbitrator is not free to dispense his own brand of industrial justice in rendering the award.  *Stead Motors*, 886 F.2d at 1208, citing *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960).

**III.   Analysis**

Plaintiff advances several arguments supporting its request to vacate the arbitration

award on Grievance 41188. While these arguments appear compelling at first glance, they are ultimately unpersuasive. Accordingly, the Court defers to the decision of the arbitrator, as explained below.

First, Plaintiff argues that the underlying grievance was untimely filed, contrary to the provisions of the CBA. Article 13, Section 2 of the CBA requires that "[a]ll grievances must be presented to the Company or Union, as the case may be, in writing within ten (10) calendar days of the act or omission, giving rise to the grounds for the grievance." Grievance 41188 was filed on March 24, 2005, more than ten days after the company's September 2004 letter denying Mr. Armstrong's request to return to work. Defendants argue that the timeliness issue was waived pursuant to the settlement of litigation on Grievance 28961. The settlement was memorialized in a letter dated February 18, 2005, which states in pertinent part: "Further, we have agreed that any outstanding individual case encompassed in the above lawsuit should go to arbitration, again with neither party raising arbitrability or any other issue of timeliness." Because the lawsuit concerned Mr. Armstrong's employment status with Republic Services as a direct result of the accident in which he obtained the injuries that are the subject of this arbitration award, it is reasonable to conclude that this settlement provision applies to this subsequent arbitration on Grievance 41188 as his case was "encompassed" in the prior lawsuit. Therefore, the parties waived any arguments on the timeliness and arbitrability of Grievance 41188. Hence, the arbitration award cannot be vacated based upon timeliness or arbitrability.

Second, Plaintiff argues that the arbitration award conflicts with the provisions of the CBA and the arbitrator considered evidence outside the scope of the grievance. Plaintiff argues that the company did not have a valid release for Mr. Armstrong to return to full duty until after Grievance 41188 was filed in March 2005. Mr. Armstrong had a release to return

1   to work from Dr. Peoples in August 18, 2004, but there were subsequent letters from Dr.
2   Peoples (August 25, 2004, and February 7, 2005) and Dr. Braden (August 19, 2004) refusing
3   to release him to return to work.  Mr. Armstrong then apparently obtained a new release from
4   Dr. Venger on April 4, 2005, stating that he was able to return to work.  Although the award
5   appears in conflict with the CBA provisions requiring a release to return to full duty, the
6   CBA does not specify when the release must be obtained, nor how the arbitrator must
7   evaluate conflicting medical evidence in such circumstances.  While the CBA, Article 13,
8   Section 4, provides that the "Arbitrator shall have no authority to depart from the literal
9   language of the Agreement in making these determinations," the language of the CBA also
10  states that "the Employer will require the certificate of a licensed physician in any claim of
11  illness or injury," (CBA, Art. 6), that "[t]hose employees released back to full duty may
12  return to work," (CBA, Art. 7), and an ill or injured employee must "secure a release from a
13  doctor . . . before he will be allowed to return to work.  (Company Rules and Procedures for
14  Bargaining Unit Employees, ¶ 14, #15, Ex. A at 23.)  The arbitration award does contemplate
15  these matters, albeit without specific citations to particular CBA provisions.  Therefore, the
16  arbitrator's award draws its essence from the CBA and should not be vacated.

17          Finally, Plaintiff argues that allowing the arbitration award to stand violates public
18  policy because Mr. Armstrong will be rewarded for violating the worker's compensation
19  laws.  Again, Plaintiff's argument fails.  The arbitrator declined to consider the evidence of
20  possible worker's compensation fraud as moot because the grievant had not made a "make
21  whole" claim.  Further, allowing the award to stand simply reinstates Mr. Armstrong's
22  employment but does not award any worker's compensation benefits.  Therefore, the
23  arbitration award does not violate public policy.

## CONCLUSION

Because the arbitration award draws its essence from the CBA, does not exceed the scope of the issues presented, and does not violate public policy, the Defendant's Motion for Summary Judgment shall be granted and the Plaintiff's Counter-Motion denied.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (#12) is *granted,* and Plaintiff's Counter-Motion for Summary Judgment (# 15) is *denied*.

DATED: August 31, 2006.

                                              ROBERT C. JONES
                                   UNITED STATES DISTRICT JUDGE